IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

OKLAHOMA MEDICAL RESEARCH )
FOUNDATION, )
                                        )
             Plaintiff, )
                                        )
vs. ) No. CIV-01-456-C
                                        )
ELI LILLY & COMPANY, )
                                        )
             Defendants. )

## ORDER

Defendant Eli Lilly & Company ("Lilly") has moved this Court to exclude the plaintiff's ("OMRF") "extrinsic claim construction evidence."* For the following reasons, the defendant's motion is denied in part and granted in part.

The defendant requests this Court to exclude the plaintiff's three experts from testifying at the *Markman* hearing scheduled for Thursday, November 29, 2001. As the Federal Circuit has stated, "[a] judge is not usually a person conversant in the particular technical art involved." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995). As anticipated, this Court is certainly not fluent in the properties of aPC and its specific uses regarding United States Patent 5,009,889 (the "'889 patent").

---

      * The Court agrees with the plaintiff's reading of the defendant's brief; though seemingly titled as requesting the exclusion of *all* extrinsic evidence, the brief only addresses the three proposed experts for the *Markman* hearing.



"[I]deally there should be no "ambiguity" in claim language to one of ordinary skill in the art that would require resort to evidence outside the specification and prosecution history." *Markman* at 986. But if the claims were as clear as the defendant suggests, infringement could be decided without a *Markman* hearing or even a trial. However, the parties requested a *Markman* hearing and have submitted briefs and a claim chart showing a dispute over the construction of the claims. Therefore, the Court finds that it may be helpful to hear expert testimony from those skilled in the art in order to explain the invention in the '889 patent. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed. Cir. 1996). Because the need for extrinsic evidence cannot be determined at this point, excluding such evidence now would require a second hearing in the future if it became necessary. The Court can make its decision without regard to any evidence which turns out to be either unnecessary or inappropriate. However, the Court agrees with the plaintiff that the testimony of Dr. Seide is not necessary for the presently scheduled hearing.

As repeatedly stated by the Federal Circuit and the Supreme Court, the Court is the arbiter of claim construction. *See Markman*, at 977 [citations omitted]. The role of extrinsic evidence in claims construction is also well-settled and this Court is aware of the proper hierarchical place for extrinsic evidence, specifically expert testimony. *See generally Markman*, at 979; *see also Bell & Howell Document Mgmt. Products Co. v. Altek Systems*, 132 F.3d 701, 706 (Fed. Cir. 1997). The defendant's brief is addressed more to the hierarchy of the methods which the Court may utilize when making its ruling and not the admissibility of evidence required to reach that conclusion. In other words, the defendant is unnecessarily

2

concerned with a completed cake before the ingredients have even been placed in the mixing bowl. Defendant's objections to evidence may be well received by an appellate court if this Court improperly uses extrinsic evidence, but in the interests of economy and efficiency, this Court chooses to permit the expert testimony at the presently scheduled hearing (with the exception of Dr. Seide) and decide its weight and utility as well as the claim construction as soon as possible rather than risk a second hearing.

Finally, both parties have submitted "response" briefs to the already submitted *Markman* briefs. As neither party requested leave of the Court to file such "response" briefs, and as the Court ordered the *Markman* briefs to be limited to 40 pages, the Court finds it inappropriate for the parties to file additional papers; thus, the "response briefs" will be ignored by the Court.

## CONCLUSION

For the reasons stated more fully above, the defendant's motion to exclude OMRF's extrinsic claim construction evidence is hereby denied in part and granted in part.

IT IS SO ORDERED this 29 day of November, 2001.

ROBIN J. CAUTHRON
CHIEF UNITED STATES DISTRICT JUDGE

3