IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

DEC 2 0 2002

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____DEPUTY

| | |
|---|---|
| OKLAHOMA MEDICAL RESEARCH FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. CIV-01-456-C ) |
| ELI LILLY & COMPANY, | ) ) |
| Defendants. | ) |

## O R D E R

Before the Court are Plaintiff's Motion for Leave to Include Dr. Gerald Crabtree on Plaintiff's Witness List and Defendant's Response and Objection.  The matter is now at issue.

### BACKGROUND

According to the Scheduling Order, Plaintiff was to have identified its trial witnesses by August 15, 2002.  However, in a motion filed on December 18, 2002, Plaintiff seeks leave to add Dr. Crabtree to its witness list because Plaintiff claims it was unaware of Dr. Crabtree's existence or connection to this case until recently.  According to Plaintiff, Dr. Crabtree assisted Defendant "in isolating cDNA and genomic clones encoding human protein C and expressing a recombinant human protein C molecule" and was involved with critical research that Defendant later used, without acknowledgment, as a basis for its "Bang



Patents."[1]  Pl.'s Br. at 1 & 3.  Plaintiff contents that Dr. Crabtree's inventorship claims

regarding the Bang Patents are relevant:  (1) to refute Defendant's damages analysis, which

depends on Defendant's sole ownership of the Bang Patents[2] and (2) to call into question

Defendant's claims that it "was the sole pioneer in the development of protein C" and did not

rely on Plaintiff in developing Xigris.  Pl.'s Br. at 3-4.  Defendant objects to the proposed

modification, arguing that good cause has not been shown and that Dr. Crabtree's proffered

testimony would be irrelevant, prejudicial, and confusing to the jury.  Def.'s Resp. at 4-5.

## DISCUSSION

As the parties observe, the Scheduling Order states, "Except for good cause shown,

no witness shall be permitted to testify and no exhibit will be admitted in any party's case in

chief unless such witness or exhibit was listed in the letter of transmittal."  Scheduling Order,

filed June 6, 2002.  Because Plaintiff seeks leave to amend its witness list after the deadline

for designating trial witnesses has passed, two related Federal Rules of Civil Procedure are

implicated.  Fed. R. Civ. P. 16(b) provides that scheduling orders shall not be modified

"except upon a showing of good cause and by leave of the district judge."  In addition,

Fed. R. Civ. P. 6(b)(2) authorizes the extension of a court ordered deadline that has passed

---

[1]  The "Bang Patents" are U.S. Patent Nos. 4,775,624 and 5,196,322 and European Patent Application No. EP 0 191 606.  Pl.'s Br. at 3.

[2]  Defense expert, Mr. Lentz, apparently contends that Defendant's exclusive ownership of the Bang Patents meant it was the only licensing option available to Plaintiff so "it was not 'essential' for [Defendant] to develop and sell Xigris."  Pl.'s Br. at 3 (citing Mr. Lentz's Expert Report at 14-15 (Ex. 2)).

"for cause shown . . . where the failure to act was the result of excusable neglect." Therefore, modification of the scheduling order to permit Plaintiff to add Dr. Crabtree to its list of trial witnesses requires a showing of good cause and excusable neglect.

However, the considerations underlying a determination of good cause or excusable neglect are virtually indistinguishable. In deciding whether to modify a scheduling order or exclude an unidentified witness from testifying at trial, the Court considers: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court; and (4) bad faith or willfulness in failing to comply with the Court's order. Burks v. Oklahoma Publ'g Co., 81 F.3d 975, 979 (10th Cir. 1996) (quoting Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980)). The following factors bear on whether Plaintiff's failure to include Dr. Crabtree in its witness list was due to excusable neglect: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994) (analyzing excusable neglect in context of Fed. R. Civ. P. 4(a)(5)) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). For purposes of Rule 6(b), excusable neglect "is not limited strictly to omissions caused by circumstances beyond the

3

control of the movant" and "may extend to inadvertent delays." <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 392. Because the factors relevant to both Fed. R. Civ. P. 6(b) and 16(b) are interrelated and overlapping, the Court addresses them generally.

As a threshold matter, the Court notes that Dr. Crabtree's testimony appears relevant. Fed. R. Evid. 401 sets a low bar for relevancy, explaining that evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." As proffered, the testimony refutes or impeaches specific points of Defendant's anticipated evidentiary presentation. Therefore, the Court is unpersuaded that Dr. Crabtree should be prohibited from testifying on the basis of Fed. R. Evid. 401 & 402. Of course, Defendant is not precluded from challenging the relevancy of Dr. Crabtree's testimony at trial.

Moreover, the Court finds that Defendant will not be unduly prejudiced by the addition of Dr. Crabtree to Plaintiff's list of trial witnesses and that any prejudice will be cured by permitting Defendant to depose Dr. Crabtree.[3] In light of March 2003 trial setting,

---

[3] Defendant offers no persuasive explanation for how Dr. Crabtree's testimony would prejudice it except to note briefly that testimony regarding the Bang Patents' inventorship will create the risk of a "trial within the trial." Def.'s Resp. at 5. In as much as Defendant's expert has invited inquiry into this area by asserting Defendant's exclusive ownership of the Bang Patents as a premise in his analysis, it would be unfair to deny Plaintiff the opportunity to offer contrary evidence. Likewise, Plaintiff's attempt to discredit Defendant's claim that it developed Xigris independently is proper. At this time, there is no basis to conclude that the probative value of Dr. Crabtree's testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or waste of time. <u>See</u> Fed. R. Evid. 403. However, by granting Plaintiff permission to amend its witness list, the Court in no way precludes Defendant from raising and substantiating this concern in a motion in limine. <u>See</u> Def.'s Br. 5 n.2 (explaining that Defendant expressly reserves its right to file a motion in limine directed at Dr. Crabtree's testimony).

4

there remains sufficient time for the parties to adapt to the addition of a single witness's testimony regarding limited topics without disrupting the trial schedule.

There is also no evidence of bad faith by either Plaintiff or Defendant. Contrary to Plaintiff's suggestion, the Court is not persuaded that Defendant's failure to identify Dr. Crabtree in response to Plaintiff's broad discovery requests rises to the level bad faith.[4] Similarly, Plaintiff's reliance on Defendant's response (or lack thereof) to its requests was not unreasonable under the circumstances. Based on Plaintiff's understanding of its discovery requests, Plaintiff had no reason to suspect that there were additional, unidentified third parties with information about Xigris or the intellectual property concerning Xigris, which includes the Bang Patents. Therefore, the delay in identifying Dr. Crabtree as a potential witness was excusable and not attributable to circumstances reasonably within Plaintiff's control. Furthermore, the record indicates that Plaintiff contacted Defendant

---

[4] Plaintiff argues that good cause exists to grant it leave to add Dr. Crabtree because Defendant did not identify Dr. Crabtree in response to Plaintiff's discovery requests. In Plaintiff's First Request for Production of Documents and Things, Plaintiff requested:

5.    All documents and things concerning, referencing or evidencing "Xigris" and all communications with third parties concerning "Xigris," and/or your ownership or license of "Xigris."

6.    All documents and things concerning successful or unsuccessful licenses of, monies paid for use of, or ownership interests in intellectual property concerning "Xigris."

Pl.'s Ex. 5 at 7. Although Defendant claims that it objected to these requests as being overbroad and vague, Defendant does not attach its response to the request cited above. Compare id. with Df.'s Ex. 1. Nevertheless, it is clear that although Plaintiff's requests may include Dr. Crabtree they do so only upon a broad and all-inclusive reading.

promptly after identifying Dr. Crabtree as a possible witness and attempted to resolve this matter without the Court's intervention. Pl.'s Ex. 1 (detailing communications between the parties regarding Dr. Crabtree from October 29, 2002, to December 10, 2002). For these reasons, the Court finds that Plaintiff has demonstrated good cause to modify the Scheduling Order deadline to permit the addition of Dr. Crabtree to its list of trial witnesses and that Plaintiff's failure to do so earlier was due to excusable neglect.

Accordingly, Plaintiff's Motion for Leave to Include Dr. Gerald R. Crabtree on Plaintiff's Witness List is GRANTED. Plaintiff's witness list is deemed amended to include Dr. Gerald R. Crabtree. The Scheduling Order is further modified to permit Defendant to subpoena Dr. Crabtree for deposition and to conduct that deposition.

IT IS SO ORDERED this 20 day of December, 2002.

ROBIN J. CAUTHRON
CHIEF UNITED STATES DISTRICT JUDGE