IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
JAN 1 6 2003
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKL
BY _____ DEPUTY

OKLAHOMA MEDICAL RESEARCH )
FOUNDATION, )
 )
        Plaintiff, )
 )
vs. ) No. CIV-01-456-C
 )
ELI LILLY & COMPANY, )
 )
        Defendants. )

## ORDER

Before the Court are Defendant's Motion to Strike Evidence Relied Upon by Plaintiff in Support of Its Motion for Partial Summary Judgment and Plaintiff's Opposition. Defendant argues that the Court should strike at least portions of 13 pieces of evidence that Plaintiff relies upon to support its motion for partial summary judgment. Def.'s Br. at 5-6. The challenged evidence includes an affidavit, deposition excerpts, interrogatory responses, an unpublished manuscript, and expert reports. The Court addresses each in turn.

Defendant apparently argues that Plaintiff cannot rely on its responses to interrogatories numbered 7, 8, 12, 14, 16, 17, 13, and 25, which are contained in SJ Exs.[1] 32-35, because they are based only on information and belief.[2] Def.'s Br. at 2-3. Fed. R. Civ. P.

---

[1] For purposes of this Order, the Court adopts Plaintiff's convention of designating summary judgment exhibits as "SJ Ex." to distinguish them from exhibits offered by Plaintiff in support of its Opposition. See Pl.'s Opp'n at 8 n.4.

[2] Notwithstanding Defendant's detailed table summarizing its objections, it is not completely clear what interrogatory responses are at issue. For instance, Defendant refers to Plaintiff's Statement of Material Facts paragraph 19 (Pl.'s Br. in Supp. of Mot. for Partial Summ. J. at 6),



33(a) provides that interrogatories served on a corporation shall be answered "by any officer or agent, who shall furnish such information as is available to the party." Thus, a corporate party is permitted to designate a person to verify answers even though that person lacks personal knowledge of the matters covered in the answers. Shepherd v. Am. Broad. Cos., 62 F.3d 1469, 1482 (D.C. Cir. 1995) (interpreting Fed. R. Civ. P. 33). Accordingly, Plaintiff's verifications state:

> Larry Kennedy, being duly sworn, deposes and says that he is an officer of [Plaintiff]; that he verifies Plaintiff's [response]; that he is duly authorized to do so; that the facts stated therein have been assembled by authorized counsel for [Plaintiff]; and that the statements therein are true and correct to the best of his knowledge, information and belief.

Although a party's own interrogatory responses may be considered when deciding a motion for summary judgment, they are "subject to the same infirmities as an affidavit would be under [Fed. R. Civ. P.] 56(e)." H.B. Zachry Co. v. O'Brien, 378 F.2d 423, 425 (10th Cir. 1967) (citation omitted). Thus, for summary judgment purposes, an interrogatory response should be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the person answering is competent to testify to the response's contents. See id.; Fed. R. Civ. 56(e) (detailing affidavit requirements). In this case, Plaintiff has corrected the defect caused by the responses being based only on information and belief by submitting supplemental affidavits attesting to the veracity of the responses. Pl.'s Ex. 4-6,

---

which cites "ex. 32, at 52-53." Although SJ Ex. 32 exceeds 53 pages, it is not readily apparent which of the 15 interrogatory responses is being referenced. Nevertheless, the Court has endeavored to consider the largest set of interrogatory responses possibly at issue and, accordingly, has compiled the above list based on the responses addressed in Defendant's Brief and Plaintiff's Opposition.

2

7, 8. Generally, a supplemental affidavit stating that a response is based on personal knowledge is curative. See Fed. R. Civ. 56(e) (explaining that affidavits may be supplemented); United States v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) (finding supplemental affidavit cured problem of certificates of indebtedness not being authenticated or based on personal knowledge). Therefore, to the extent that Plaintiff's supplemental affidavits state that the responses are based on the affiants' personal knowledge, the Court may consider them in deciding Plaintiff's pending motion.

Defendant also argues that Plaintiff improperly attempts to rely on unauthenticated documents in support of its motion. Def.'s Br. at 3. In particular, Defendant complains that Plaintiff failed to authenticate SJ Ex. 74, a report by Dr. Pete Lollar. Although Fed. R. Civ. P. 56 does not strictly require the use of affidavits, summary judgment is nevertheless only proper on the basis of evidence that would be admissible at trial. Harris v. Beneficial Okla., Inc., 209 B.R. 990, 995-96 (B.A.P. 10th Cir. 1997). To be admissible at trial, a document must be authenticated. Fed. R. Evid. 901(a) (explaining that authentication is a condition precedent to admissibility). Therefore:

> [i]n order for documents not yet part of the court record to be considered by a court in support of or in opposition to a summary judgment motion they must meet a two-prong test: (1) the document must be attached to and authenticated by an affidavit which conforms to Rule 56(e); and (2) the affiant must be a competent witness through whom the document can be received into evidence. . . .

3

Harris at 996 (quoting 11 James Wm. Moore et al., Moore's Federal Practice §§ 56.10[4][c][I] & 56.14 [2][c] (3d ed. 1997)); see also 10A Alan Wright et. al., Federal Practice & Procedure, § 2722 (3d ed. 1998).

In this case, Plaintiff admittedly fails to meet the first prong of the test adopted in Harris. Moreover, instead of submitting a supplemental affidavit authenticating the report, Plaintiff claims that Dr. Esmon's use of the report during his deposition and accompanying testimony regarding the studies and experiments detailed in Dr. Lollar's report is sufficient to support Plaintiff's claim that the report is what Plaintiff claims. Pl.'s Opp'n at 5 (citing Fed. R. Civ. P. 901(a)).[3] Dr. Esmon's deposition testimony does identify "Exhibit 221" as a report on the first of two sets of experiments performed by Dr. Lollar regarding "whether Xigris, did, in fact, inactivate APC and whether the properties – whether Xigris and APC both inactivated factor VIII and whether they were comparable in that activity or not." Pl.'s Ex. 9 at 392, ll.17-21. However, although the title page of SJ Ex. 74 is marked "Exhibit 221" and the report appears to cover the same subject matter discussed in Dr. Esmon's deposition, there are no legible Bates numbers to confirm its identity. There is also no other readily apparent indication that the exhibit is the same report or in the same form as the one discussed during the deposition. In this instance, the Court sustains Defendant's well-founded objection that the exhibit is not properly certified or authenticated as required by

---

[3] Although Plaintiff also contends that Fed. R. Evid. 703 permits Dr. Esmon to rely on Dr. Lollar's report as a basis for his expert opinions, that observation is not relevant to the issue raised by Defendant's motion.

4

Fed. R. Civ. P. 56. It is Plaintiff's burden to comply with the evidentiary requirements of Fed. R. Civ. P. 56 in supporting its motion and that obligation should not be cast aside lightly. Therefore, the Court will not consider SJ Ex. 74 in deciding Plaintiff's pending motion. See Harris, 209 B.R. at 996 (detailing authority that a court may not rely on unauthenticated documents when deciding a motion for summary judgment).[4]

Defendant argues next that Plaintiff cannot rely on irrelevant evidence to support its motion. Specifically, Defendant complains of: SJ Ex. 14 (Dep. Test. of John Griffen) at 61-62; SJ Ex. 17 (Dep. Test. of Larry J. Kennedy) at 119-120; SJ Ex. 20 (Dep. Test. of William Macias) at 34, 35; and SJ Ex. 27 (Dep. Test. of Sau-Chi Betty Yan) at 495: 6-18. Def.'s Br. at 5-6. Although Defendant is correct that irrelevant evidence would not be admissible at trial and should not be considered when deciding a motion for summary judgment, the Court is in a better position to evaluate the relevancy of the challenged deposition testimony when deciding the motion itself. See also Powers v. Runyon, 974 F. Supp. 693, 697 (S.D. Ind. 1997) (observing that it was generally inappropriate to strike summary judgment materials based on relevance). Because the Court is capable of filtering out irrelevant information, Defendant's motion is denied with respect to its relevancy arguments.

---

[4] For purposes of clarity, the Court notes that it may consider uncertified documents that have not otherwise been challenged. See Harris, 209 B.R. at 996 (quoting treatise: "[u]nauthenticated documents, once challenged, cannot be considered by a court in determining a summary judgment motion") (citation omitted) (emphasis added); 10A Alan Wright et. al., Federal Practice & Procedure, § 2722 (3d ed. 1998); H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454 (2d Cir. 1991) (unchallenged, unauthenticated documents relied upon in opposing motion).

5

Similarly, Defendant's arguments regarding the legal conclusions purportedly contained in SJ Ex. 3 (Aff. of Armando D'Angelo M.D.) at ¶ 4 and SJ Ex. 23 (Dep. Test. of Patrea Pabst) are unavailing. In the relevant sections, Dr. D'Angelo asserts that he does not believe he is a co-inventor of the U.S. Patent No. 5,009,889 (the "'889 Patent"), and Ms. Pabst (the patent attorney who prosecuted the '889 Patent) explains that she understood that "it was not a critical feature of altering endothelial cell permeability using activated protein C to alter TNF levels." Pl.'s Opp'n at 7 (quoting Pl.'s Br. in Supp. of. Pl.'s Mot. for. Partial Summ. J. at 13, ¶ 47). Although summary judgment evidence should be limited to factual assertions and not legal conclusions, the Court is not convinced that the evidence at issue contains improper legal argument or interpretation. As Plaintiff explains, Dr. D'Angelo's opinion regarding the relationship between his work and the '889 Patent is his personal view and does not attempt to define his legal status. In addition, although Ms. Pabst refers to the information in terms of materiality and what she thinks a reasonable examiner would consider important, this testimony appears more an explanation of her professional opinion and an explanation for her handling the patent prosecution rather than an attempt to impose a legal determination. However, inasmuch as the Court will consider the evidence only for its factual assertions and without regard to the legal views that might be espoused therein, no part of the exhibits will be stricken. See also New York State Energy Research & Dev. Auth. v. Nuclear Fuel Servs. Inc., 561 F. Supp. 954, 960 (W.D.N.Y. 1983) (explaining that court would distinguish legal argument, to the extent present, from assertions of fact).

6

Therefore, Defendant's request to strike evidence allegedly containing improper legal conclusions is denied.

Finally, Defendant argues that the Expert and Rebuttal Reports of John H. Griffin, Ph.D. (SJ Ex. 88 & 89) should not be considered by the Court because they are unsworn. Def.'s Br. at 4-5. However, Plaintiff has attached sworn copies of these exhibits to its Opposition. Pl.'s Ex. 11 & 12. Despite Plaintiff's tardiness, the Court accepts the sworn versions and substitutes them for the original SJ Exs. 88 & 89. Because the defect complained of has been remedied, Defendant's request that these exhibits be stricken is denied.

## CONCLUSION

Accordingly, Defendant's Motion to Strike Evidence Relied upon by Plaintiff in Support of Plaintiff's Motion for Partial Summary Judgment is GRANTED in part and DENIED in part. As explained above, Plaintiff's partial summary judgment exhibit 74 (Dr. Lollar's report) is stricken for lack of authentication. However, the Court may consider Plaintiff's partial summary judgment exhibits 3, 14, 17, 20, 23, 27, 32, 33, 34, and 35, as well as exhibits 88 and 89 (in their supplemental sworn versions), to the extent relevant, in deciding the pending motion.

IT IS SO ORDERED this ____ day of January, 2003.

ROBIN J. CAUTHRON
CHIEF UNITED STATES DISTRICT JUDGE